# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RICHARD G. MCGEE, JR.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-740-Orl-28DAB**

**PROFESSIONAL GATE & ACCESS, LLC,**
**GREGORY HANKEN,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 26)**
>
> **FILED:** February 3, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following a settlement in this Fair Labor Standards Act ("FLSA") case, the parties filed the instant motion, referred to the undersigned for a fairness review. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed

settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the motion, Plaintiff was employed by Defendant as a service manager from approximately July 13, 2009 through January 28, 2010. Plaintiff alleges that he worked a period of twenty-seven (27) weeks during his period of employment but did not receive at least the required minimum wage rate for all hours worked. Plaintiff initially calculated his unpaid wages to be approximately $7,830.00. After a significant period of negotiation, which included review of Defendant's current financial situation, the parties resolved this matter for the total sum of $6,500.00, with Plaintiff receiving $4,000 in compromised unpaid wages, and his counsel receiving $2,500 in fees and costs. Plaintiff contends that he agreed to accept this amount and agreed to waive any claim for liquidated damages based on uncertainty regarding the exact amount of hours worked and in recognition of the fact that Defendant is experiencing serious financial issues and has ceased most operations. The parties contend that this settlement is reasonable and, upon review, the Court agrees.

As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

With respect to the $2,500 in attorney's fees and costs here, the parties represent that the amount was negotiated separately from Plaintiff's recovery, and should be approved pursuant to *Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). While *Bonetti* is not binding on all of the courts in this district, the Court concludes that the fees and costs are due to be approved in any event. As set forth in the supporting Affidavit and timesheets, counsel expended $4,851.00 in attorney's fees (including fees of a paralegal) and paid $410.00 in costs. The compromise amount of $2500 is less than half of actual fees and costs incurred. As the docket reflects considerable time expended by counsel, including attendance at a settlement conference before another United States Magistrate Judge, the agreed-to fees and costs are reasonable *per se*. As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it further.

For the reasons stated, the Court finds the settlement to be a fair and reasonable resolution of bona fide FLSA issues and therefore **recommends** that the motion be **granted, and the settlement be approved as to the terms stated in the motion**, and that the complaint be dismissed, as requested.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy